IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:24cr440-MHT |
| | ) | (WO) |
| XAVIER LAVANTE POWELL | ) | |

ORDER

Because this case was previously set for trial on June 9, 2025, a non-existent term, *see* Order (Doc. 10) at 2, the jury selection and trial need to be reset for the existing term of court starting on June 23, 2025.

For the reasons set forth below, the court finds that this continuance is pursuant to 18 U.S.C. § 3161(h). While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the

>    defendant has appeared before a judicial
>    officer of the court in which such charge is
>    pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any period of delay resulting from any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting a continuance under subsection (h)(7)(A), the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

Previously, in setting this case for June 9, the United States Magistrate Judge stated that, "[b]ased on the nature of this case, and the need for counsel to have

2

adequate time for investigation, the Court finds that the ends of justice served by setting this case on this trial term outweigh the best interests of the public and Defendant in a speedy trial." *See* Order (Doc. 10) at 2.

Thus, the time from the date of the Magistrate Judge's findings, February 25, 2025, until the original trial date of June 9 is excluded from the Speedy Trial Act's 70-day period. The 70-day clock begins to run again on June 9. Therefore, a continuance of the trial to June 23 is within the 70-day period and complies with the Act. Also, counsel for the parties stated during a status conference on March 21, 2025, that they do not object to a continuance.

Accordingly, it is ORDERED that the jury selection and trial, now set for June 9, 2025, see Order (Doc. 10) at 2, are reset for the term of court starting on June 23, 2025, at 10:00 a.m., in Courtroom 2FMJ at the Frank M. Johnson, Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama. All unexpired

deadlines specifically tied to the trial date are adjusted accordingly.

DONE, this the 21st day of March, 2025.

                                          /s/ Myron H. Thompson
                                    **UNITED STATES DISTRICT JUDGE**